UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| NORMA GALVEZ, DANIEL LOPEZ, and CARLOS HIDALGO <br><br> Plaintiffs, <br><br> v. <br><br> AM-KO CARPET MAINTENANCE, INC., AM-KO SYSTEMS, INC., AM-KO SOUTHEAST INC., and KOAM SERVICES INC. <br><br> Defendants. | Case No.: |

## - <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u> -

Plaintiffs NORMA GALVEZ, DANIEL LOPEZ, and CARLOS HIDALGO by and through the undersigned counsel, hereby file this Complaint against the above named Defendants, AM-KO CARPET MAINTENANCE, INC., AM-KO SYSTEMS, INC., AM-KO SOUTHEAST INC., and KOAM SERVICES INC.

### NATURE OF THE CASE

1. This is an action brought by Plaintiffs NORMA GALVEZ, DANIEL LOPEZ, and CARLOS HIDALGO (hereafter "Plaintiffs") against their former employers, Defendants AM-KO CARPET MAINTENANCE, INC., AM-KO SYSTEMS, INC., AM-KO SOUTHEAST INC., and KOAM SERVICES INC. for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA").

2. During the term of Plaintiffs' employment, Defendants had scheme of processing hours worked under different entities and simultaneously misclassifying employees as contractors and employees, thus avoiding the payment of overtime compensation.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction conferred by 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue is proper in the Orlando Division of the Middle District of Florida under Local Rule 1.02 of the Local Rules of the Middle District of Florida. Brevard County has the greatest nexus with the cause because it is the place where Plaintiffs provided services and Defendants conducted business.

**COVERAGE**

5. Defendants are an enterprises engaged in commerce or in the production of goods for commerce, covered by the FLSA, and as defined by 29 U.S.C. § 203.

6. Upon information and belief, each Defendant's annual gross volume of sales exceeded $500,000 per year at all relevant times.

7. Defendants were employers within the definition of the FLSA, 29 U.S.C. § 203.

8. During the term of their employment, Plaintiffs were engaged in commerce and were therefore subject to the individual coverage of the FLSA, 29 U.S.C. § 206.

9. The services performed by Plaintiffs were essential, necessary, and an integral part of the business conducted by Defendants.

10. Plaintiffs were covered employees for purposes of the FLSA pursuant to 29 U.S.C. § § 207 and 206.

## PARTIES and FACTUAL BACKGROUND

11. AM-KO BUILDING MAINTENANCE is a fictitious name under which Defendant AM-KO CARPET MAINTENANCE, INC. conducts business.

12. Defendant AM-KO CARPET MAINTENANCE, INC. is a Florida Profit Corporation organized and existing under and by virtue of the laws of the state of Florida.

13. AM-KO BUILDING MAINTENANCE provides janitorial, landscaping and security services.

14. AM-KO BUILDING MAINTENANCE provided janitorial services, *inter alia,* in Brevard County and several campuses of Eastern Florida State College.

15. All Plaintiffs worked for Defendants, primarily at campuses of Eastern Florida State College.

16. Plaintiffs were employed by AM-KO BUILDING MAINTENANCE and simultaneously classified both as independent contractors and employees.

17. Plaintiffs were compensated through three entities a) AM-KO SYSTEMS INC., b) AM-KO SOUTHEAST INC., and c) KOAM SERVICES INC.

18. Defendant AM-KO SYSTEMS INC. is a Florida for-profit Corporation organized and existing under and by virtue of the laws of the state of Florida.

19. Defendant KOAM SERVICES INC. is a Florida for-profit Corporation organized and existing under and by virtue of the laws of the state of Florida.

20. Defendant AM-KO SOUTHEAST INC. is an inactive Florida for-profit Corporation organized and existing under and by virtue of the laws of the state of Florida.

21. AM-KO SYSTEMS INC., AM-KO SOUTHEAST INC., and KOAM SERVICES INC. shared addresses, officers, and employees.

22. Plaintiffs were compensated by the Defendants in a complicated scheme that avoided the payment of overtime compensation though subterfuge. Plaintiffs would be misclassified by Defendants as "independent contractors" for work performed in the mornings (and paid through one entity) and classified as "employees" for night hours

(and paid through a separate entity), or vice versa, thus not crediting the hours worked as independent contractors towards the payment of weekly overtime.

23. Defendants AM-KO BUILDING MAINTENANCE, AM-KO CARPET MAINTENANCE, INC., AM-KO SYSTEMS INC., AM-KO SOUTHEAST INC., and KOAM SERVICES INC. (collectively referred to as "Defendants") were Plaintiff's joint employers and had inter-related operations, management, and control over Plaintiffs' work.

24. Defendants jointly determined, shared, and/or allocated the ability to direct, control, and/ or supervise Plaintiffs.

25. Defendants jointly determined, shared, and/or allocated the power to modify Plaintiffs' terms or conditions of employment.

26. Plaintiff DANIEL LOPEZ is a resident of Brevard County and was a former employee of Defendants who worked from October 2007 to 2016.

27. Based on information and belief sufficient to form a good faith averment, it is estimated that Plaintiff DANIEL LOPEZ worked approximately 10-17 hours of weekly overtime, in two shifts, excluding travel time, and was not properly compensated for such overtime worked.

28. Plaintiff, DANIEL LOPEZ, received checks from both AM-KO SYSTEMS, INC. and KOAM SERVICES INC.

29. Plaintiff CARLOS HIDALGO is a resident of Brevard County and was employed by Defendants from January 2015 to December 2016.

30. Based on information and belief sufficient to form a good faith averment, it is estimated that CARLOS HIDALGO worked approximately 33 to 37 hours of weekly overtime, in two shifts, excluding travel time, and was not properly compensated for such overtime worked.

31. Plaintiff CARLOS HIDALGO received checks from AM-KO SYSTEMS, INC., KOAM SERVICES INC., and AM-KO SOUTHEAST INC.

32. Plaintiff NORMA GALVEZ is a resident of Brevard County who worked for Defendants from April 2016 to October 2016.

33. Based on information and belief sufficient to form a good faith averment, it is estimated that Plaintiff NORMA GALVEZ worked approximately 10-17 hours of weekly overtime, in two shifts, excluding travel time, and was not properly compensated for such overtime worked.

34. Plaintiff, NORMA GALVEZ, received checks from KOAM SERVICES INC.

35. During the term of their employment, all Plaintiffs were janitors and were classified as both employees and independent contractors.

36. Plaintiffs did not satisfy any of the requirements for overtime exemptions set forth in the FLSA.

37. During the period covered by the employment, Plaintiffs worked in excess of forty (40) hours in a workweek and were not compensated at the statutory rate of one and one-half times their regular rate of pay.

38. Due to the practice of using several entities to compensate for morning and night hours, Defendants were aware that Plaintiffs were working in excess of forty (40) hours per week without proper compensation but did not cure the ongoing FLSA violations.

39. Defendants' actions were willful and/or showed reckless disregard as to whether their conduct was prohibited by the FLSA.

40. Plaintiffs' time and payroll records (including the hours worked in each workweek) should be in Defendants' custody and control, pursuant to 29 C.F.R. § 516. However, the accuracy, completeness, and sufficiency of such records is unknown at this time.

**COUNT I**
**RECOVERY OF OVERTIME COMPENSATION UNDER THE FLSA**

41. Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1 through 40 above.

42. Defendants failed to pay Plaintiffs properly for all hours worked in excess of forty (40) hours in a workweek in compliance with the FLSA.

43. Plaintiffs are entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) in a workweek.

44. As a result of Defendants' willful violation of the FLSA, Plaintiffs are entitled to overtime pay, liquidated damages, pre-judgment interest, attorney's fees, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request judgment against Defendants, and the following damages:

a. Unpaid overtime compensation pursuant to 29 U.S.C. § 216(b);

b. Liquidated damages in an amount equal to the overtime compensation owed in accordance with 29 U.S.C. § 216(b);

c. Pre-judgment interest;

d. Attorney's fees and costs as provided by 29 U.S.C. § 216(b); and

e. Any further relief the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

45. Plaintiffs request a jury trial to the extent authorized by law.

Dated: March 14, 2017.  Respectfully submitted,

**CYNTHIA GONZALEZ P.A.**
4023 North Armenia Ave.
Suite 240
Tampa, Florida 33607
Telephone (813) 333-1322
Fax (866) 593-6771
E-mail: cynthia@wagesdue.com

***s/ Cynthia Gonzalez***
Cynthia M. Gonzalez
Florida Bar No. 53052
Attorney for Plaintiff

*s/ Luis R. Amadeo*
Luis R. Amadeo
Florida Bar No. 0565865
Attorney for Plaintiff